**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JESSE C. CHAPMAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-2305-RWS |
| MORTGAGE ELECTRONIC : | |
| REGISTRATION SYSTEMS, : | |
| INC., and BANK OF AMERICA, : | |
| N.A., : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, N.A.'s ("BANA") (collectively "Defendants") Motion to Dismiss [4] and Defendants' Motion to Stay Pretrial Deadlines and Discovery ("Motion to Stay") [5]. After reviewing the record, the Court enters the following Order.

**Background[1]**

This case arises out of the foreclosure sale of real property located at 525 Crestwood Court, Lithonia, Georgia 30058 (the "Property"). (Compl., [1-1] at

---

[1] As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

AO 72A
(Rev.8/82)

¶ 16.) On or about April 18, 2008, Plaintiff, a veteran of the U.S. Navy, obtained a Veterans Affairs loan from Taylor, Bean & Whitaker Mortgage Corporation ("TBW") in the amount of $185,402.00 (the "Loan"). (Id. at ¶¶ 15-17, 20.) To secure repayment of the Loan, Plaintiff executed a security deed naming MERS as nominee for TBW, which was recorded in the real property records of DeKalb County, Georgia (the "Security Deed"). (Id. at ¶¶ 16, 21.) The Security Deed states that approval of the Department of Veterans Affairs is required before the loan can be assumed. (Id. at ¶ 18.) On or about February 18, 2012, MERS assigned the Security Deed to Defendant BANA without prior approval from the Department of Veterans Affairs. (Id. at ¶ 25)

It appears from the record that Plaintiff defaulted on his Loan obligations and Defendant BANA began the non-judicial foreclosure process. ([1-1] at 38 of 48.) On or about September 4, 2012, Colfin AI-GA 1, LLC ("Colfin") purchased the Property from Defendant BANA. ([1-1] at 36 of 48.) On or about November 5, 2012, WRI Capital Group, LLC ("WRI"), acting on behalf of Colfin, filed a dispossessory action against Plaintiff. (Compl., [1-1] at ¶ 28.) On or about February 21, 2013, WRI voluntarily dismissed the dispossessory action when it reached a rental agreement with Plaintiff. (Id. at ¶ 29.)

Plaintiff filed the instant Complaint challenging Defendants' right to foreclose on the Property and alleging the following: (1) that Defendants lacked the right to foreclose because they failed to obtain approval from the Department of Veterans Affairs prior to the assignment of the Security Deed (Id. at ¶¶ 32-33.); and (2) that this wrongful foreclosure caused Plaintiff emotional damages and mental anguish. (Id. at ¶¶ 34, 37.) Defendants now move to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted, and move to stay the pretrial deadlines and discovery. (Defs.' Mot. to Dismiss, [4-1]; Defs.' Mot. to Stay, [5-1].) Plaintiff has failed to file a response to either motion, so the motions are deemed unopposed. See LR 7.1(B), N.D. Ga. ("Failure to file a response shall indicate that there is no opposition to the motion.").

## Discussion

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic

3

recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

4

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged." Id.

## II.   Analysis

### A.   Defendant MERS - Motion to Dismiss

Plaintiff's Complaint includes no allegations against Defendant MERS. Because Plaintiff has clearly failed to satisfy Rule 8's pleading standard as to

5

MERS, Defendants' Motion to Dismiss with respect to this Defendant is **GRANTED**.

### B. Defendant BANA - Motion to Dismiss

The Court finds that Plaintiff has failed to state a valid wrongful foreclosure claim against Defendant BANA. Plaintiff is correct that Georgia law requires creditors to exercise fairly the Power of Sale in a deed to secure debt. O.C.G.A. § 23-2-114. However, Plaintiff's argument for why Defendants did not act fairly appears to be based on a purportedly invalid assignment of the Security Deed from MERS to BANA.[2] (Compl., [1-1] ¶¶ 25, 31-35.) Georgia law is clear that where a borrower was not a party to the assignment, the borrower lacks standing to contest the assignment's validity. O.C.G.A. § 9-2-20(a); Montgomery v. Bank of America, 321 Ga. App. 343, 346 (2013). Further, Plaintiff does not have standing to challenge the assignment under the third-party exception to this general rule because the assignment was not made for the clear benefit of Plaintiff. See O.C.G.A. § 9-2-20(b); Armor Elevator Co. v. Hinton, 213 Ga. App. 27, 30 (1994) (citation omitted).

---

[2] In his Complaint, Plaintiff alleges that the Security Deed was assigned from TBW to Defendant BANA. The Security Deed was actually assigned by Defendant MERS to Defendant BANA. ([1-1] at 13 of 48.)

6

Plaintiff also alleges that Defendants violated terms of the Veterans Administration ("VA") Home Loan Guarantee Program, 38 U.S.C. § 3732, and the Security Deed because they did not seek permission from the VA before assigning the Security Deed or foreclosing on the Property.  (Compl., [1-1] ¶¶ 2-5, 25, 32, 33.)  However, as Defendants note, veteran-borrowers lack an express or implied right of action in federal court to enforce the duties of private lenders under the VA statute.  Bright v. Nimmo, 756 F.2d 1513, 1515-17 (11th Cir. 1985) (citing Rank v. Nimmo, 677 F.2d 692 (9th Cir. 1982) and Simpson v. Cleland, 640 F.2d 1354 (D.C. Cir. 1981)); see also Brown v. First Tenn. Bank Nat'l Ass'n, 753 F. Supp. 2d 1249, 1255-57 (N.D. Ga. 2009).  Further, the Security Deed states "this loan is not *assumable* without the approval of the Department of Veterans Affairs or its authorized agent."  ([1-1] at 14 of 48 (emphasis added).)  Assumption of the Loan refers to the transfer of *Plaintiff's* obligations under the mortgage.  See BLACK'S LAW DICTIONARY (6th ed. 1990) (". . . if [one] assumes the mortgage, he binds himself to mortgagor to pay the mortgage and to fulfill all other terms and conditions of mortgage").  The assumption clause does not limit MERS's authority to *assign* the Security Deed or the power of MERS's assigns to exercise the Power of Sale.

7

AO 72A
(Rev.8/82)

In sum, Plaintiff has failed to establish a claim for wrongful foreclosure against Defendant BANA and Defendants' Motion to Dismiss is **GRANTED** as to this Defendant.

C.    Defendants' Motion to Stay

Because the Court grants Defendants' Motion to Dismiss, Defendants' Motion to Stay is moot.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [4] is **GRANTED** and Defendants' Motion to Stay [5] is **DENIED as moot**.

**SO ORDERED**, this   11th   day of September, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE